# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv285

| | |
|---|---|
| BILLIE JEAN JOINES, ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| TEAM CAROLINAS, ) | |
| Defendant. ) | |

Plaintiff brought this case against Team Carolinas for employment discrimination. Defendant Team Carolinas filed an answer *pro se* on October 7, 2016. The Answer was signed by the Franchisee and the HR Administration representative for Team Carolinas, Inc. Both individuals appear to be representing the corporation, but neither appears to be an attorney licensed to practice in this Court. It is well settled that a corporation may not appear in federal court *pro se*. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02, 113 S. Ct. 716 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); MR Crescent City, LLC v. TJ Biscayne Holdings LLC, 515 F. App'x 198 (4th Cir. 2013) (unpublished). Moreover, federal district courts

-1-

routinely dismiss claims brought by corporate parties who fail to obtain counsel or enter default against corporate defendants who fail to obtain counsel. See e.g. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887 (4th Cir.1998) (unpublished) (affirming grant of default judgment where corporation failed to obtain local counsel to file an answer to the complaint); Dove Air, Inc. v. Joda, LLC, No. 1:10cv293, 2011 WL 4712316 (W.D.N.C. Oct.6, 2011) (Reidinger, J.) (collecting cases); Int'l Bottled Water Ass'n v. Eco Canteen, Inc., No. 3:09–cv–299–RJC–DCS, 2010 WL 3719313, at *7 (W.D.N.C. Sept.17, 2010) (Conrad, C.J.) (entering default judgment against corporation that failed to obtain replacement counsel). Accordingly, the Court **STRIKES** the *pro se* Answer [# 7]. The Court **EXTENDS** the time for Defendant to file its answer or otherwise respond to the Complaint until November 15, 2016. Defendant will need to obtain counsel during this time period so that counsel can file a responsive pleading on behalf of Defendant. The failure of Defendant to obtain counsel and file a responsive pleading may result in the entry of default being entered against Defendant.

Signed: October 14, 2016

Dennis L. Howell
United States Magistrate Judge